IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JASON B. WALSH,

    Plaintiff,

  v.

N.J. DEPARTMENT OF CORRECTIONS; SOUTHERN STATE CORRECTIONAL FACILITY; SGT. P. NORTON; SPECIAL INVESTIGATIONS DIVISION; COMMISSIONER GARY M. LANIGAN; ADMINISTRATOR C. RAY HUGHES

    Defendants.

Civil Action
No. 17-2442 (JBS-AMD)

**OPINION**

APPEARANCES:

Jason B. Walsh, Plaintiff Pro Se
4305 Norma Pl.
Toms River, New Jersey 08755

**SIMANDLE, District Judge:**

1. Before the Court is Plaintiff Jason B. Walsh's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1.

2. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

3. For the reasons set forth below, the Court concludes the complaint will be dismissed for failure to state a claim, but Plaintiff shall be given leave to amend.

4. Plaintiff alleges that he reported a sexual assault to the Special Investigation Division ("SID") at Southern State Correctional Facility ("SSCF") in January 2017. Complaint ¶ 6. He states SID did not conduct an adequate investigation and failed to move him to a different custody level or prison after the assault as required by the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601, *et seq*. *Id.*

5. Plaintiff further alleges various supervisory defendants, including the Commissioner of the Department of Corrections and the SSCF administrator, failed to train their employees how to conduct a PREA investigation. *Id.* The principal issue to be decided is whether the PREA is a federal statute that gives a prisoner a private right of action under 42 U.S.C. § 1983 for money damages.

6. Plaintiff later submitted a letter indicating he wished to amend his complaint to include "financial bull[y]ing" and "financial intimidation" claims. May 10, 2017 Letter, Docket Entry 4. He alleged he was called into a multi-purpose room on May 1 and told to sign a form regarding the PREA investigation. *Id.* at 3.

7. Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

8. This action is subject to *sua sponte* screening for dismissal under §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees.[1]

9. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte*

---

[1] Plaintiff was confined in SSCF at the time he filed his complaint. He is therefore considered a "prisoner" subject to the PLRA's requirements even though he has subsequently been released from prison. *George v. Chronister*, 319 F. App'x 134, 136-37 (3d Cir. 2009).

screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

10. In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, pro se litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

11. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983.

12. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

13. Plaintiff alleges Defendants violated the PREA by failing to conduct an adequate investigation, failing to transfer him to a different custody level or prison, and failing to train subordinate employees how to conduct a PREA investigation.

14. Any claims against the New Jersey Department of Corrections and the individual defendants in their official

capacities must be dismissed with prejudice as barred by the Eleventh Amendment.

15. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Department of Corrections, a state agency, is entitled to Eleventh Amendment immunity from suit in federal court. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."). A suit against a public official "'in his or her official capacity is not a suit against the official but rather is a suit against the official's office ....'" *Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). These claims are dismissed with prejudice.

16. The claims against SSCF are also dismissed with prejudice as the prison is not a "person" subject to suit under § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. S. State Corr. Facility*, 726 F. Supp.

537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

17. Congress passed the PREA in 2003 in recognition of the pernicious problems caused by the "high incidence of prison rape" which "undermines the effectiveness and efficiency of United States Government expenditures through grant programs" including "prison construction, maintenance, and operation." 42 U.S.C. § 15601(14). Congress identified multiple purposes, including: "mak[ing] the prevention of prison rape a top priority in each prison system"; implementing national standards for prison rape prevention and punishment; "protect[ing] the Eighth Amendment rights of Federal, State, and local prisoners"; and "increase[ing] the efficiency and effectiveness of Federal expenditures through grant programs such as those dealing with . . . prison construction, maintenance, and operation." 42 U.S.C. § 15602 (2)-(3), (7)-(8).

18. The Act authorizes funding for various prison rape prevention programs, including for protecting inmates by "investigating incidents of prison rape" and "prosecuting incidents of prison rape." *Id.* § 15605(b)(1)(B)-(C). To receive such grants, a state must certify that it has adopted all national prison rape standards that have been promulgated under the Act. *Id.* § 15605(d)(2). The Department of Justice promulgated national standards in 2012 by regulations at 28

C.F.R. § 115.5 (eff. Aug. 20, 2012). Enforcement of the national standards is embedded only in the Act's funding mechanism, providing for a five percent reduction in the amount of a federal grant that a state would otherwise receive if the grantee is not in compliance with the national standards. 42 U.S.C. § 15607(e)(2). There is no provision in the PREA for an individual prisoner to enforce these standards or to assert a private right of action for money damages if the prisoner is the victim of prison rape. *Id.* §§ 15601-15609. Therefore, the PREA is a federal statute that attaches certain conditions to the funding of certain federal prison programs without specifying that a prisoner may bring a private right of action that asserts a violation of those standards.[3]

19. The Supreme Court has held that where the language of a funding statute "provide[s] no indication that Congress intend[ed] to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). As is *Gonzaga*, which involved the spending statute under

---

[3] Further, in announcing the adoption of the regulations containing the national standards at 28 C.F.R. § 115.5, President Obama also indicated that the regulation "does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States . . . or any other person." Implementing the Prison Rape Elimination Act, 77 Fed. Reg. 30873 (May 17, 2012).

the Family Education Rights and Privacy Act of 1974 (FERPA), the present statute in the PREA is concerned with conditions placed upon federal grants, not with the creation of new individual rights, and is therefore merely a funding statute. Unless a federal funding statute also contains an unambiguous intent to create individually enforceable rights, federal funding provisions provide no basis for private enforcement under 42 U.S.C § 1983. *Gonzaga*, 536 U.S. at 283. The Court holds that Congress has not manifested any intent to create a new right enforceable under § 1983 on behalf of a prisoner under the PREA. Plaintiff's PREA claims, including the failure to train claims,[4] are dismissed with prejudice for failure to state a claim.[5]

---

[4] "[T]o establish liability on a failure to train claim under § 1983, plaintiffs 'must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred.'" *Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (quoting *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)). As there is no underlying constitutional deprivation in a PREA claim, Plaintiff cannot satisfy this test.

[5] That the PREA does not create a private cause of action on behalf of a prisoner does not mean that this statute and the national standards are meaningless in litigation. If a prisoner has a constitutional cause of action, such as for a deliberate indifference to dangerous conditions of confinement, the fact that a prison facility may have failed to adopt and enforce the national standards may, or may not, be evidence of deliberate indifference depending on the circumstances. That issue is not presented in this case since Plaintiff presents no cognizable constitutional claim.

20. Other courts are in agreement that PREA does not create a private cause of action. "While the PREA was intended in part to 'increase the accountability of prison officials' and to 'protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." *Amaya v. Butler*, No. 16-CV-1390, 2017 WL 2255607, at *5 (S.D. Ill. May 23, 2017) (quoting 42 U.S.C. § 15602). *See also Green v. Martin*, 224 F. Supp. 3d 154, 170–71 (D. Conn. 2016) ("[T]here is no private right of action under the Prison Rape Elimination Act."); *Nestor v. Dir. of Ne. Region Bureau of Prisons*, No. 11-4683, 2012 WL 6691791, at *3 (D.N.J. Dec. 20, 2012).

21. To the extent Plaintiff's May 10, 2017 Letter is an attempt to amend the complaint to include additional, the claims must be dismissed because Plaintiff does not sufficiently state his claims in a form that complies with the Federal Rules of Civil Procedure. The "amendments" consist of various grievance responses from SSCF employees and letters to various government officials. Plaintiff does not set out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, it is not clear to the Court what claims Plaintiff is attempting to assert, if any, in his May 10th letter.

22. In the interests of justice, Plaintiff shall be given leave to move to amend his complaint to include the claims he was attempting to assert in his May 10, 2017 letter. Plaintiff's amended complaint may not include the claims that were dismissed with prejudice by this Court under the PREA.

23. Any motion for permission to file an amended complaint must be filed within thirty (30) days of the date of this Opinion and Order. Plaintiff must submit a proposed amended complaint with his motion, and the proposed amended complaint shall be subject to preliminary screening under § 1915(e)(2).

24. An appropriate order follows.

**August 31, 2017**                  **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                        U.S. District Judge